## LIABILITY FOR RENT UNDER AN INVALID LEASE.

Circuit Court of Cuyahoga County.

ELIZA H. GREENE v. E. A. KLINE ET AL.

Decided, May 24, 1902.

*Landlord and Tenant—Lessee of Premises Under Invalid Lease Liable for Rent While Sub-Tenant Holds Possession.*

A lessee of premises under an invalid lease, who attempts to surrender possession, but who leaves a sub-tenant in possession of a portion of the premises, is liable for the rent during the time such sub-tenant remains in possession.

*F. C. McMillan* and *M. R. Dickey*, for plaintiff in error.
*L. J. Grossman*, contra.

HALE, J.; CALDWELL, J., and MARVIN, J., concur.

On the first day of May, 1896, the plaintiff and defendant entered into an agreement in writing by the terms of which the plaintiff leased to the defendant a portion of building at No. 226 St. Clair street in the city of Cleveland for a term commencing May 1st, 1896, and ending December 31, 1899, at a yearly rental of $650, payable monthly. After stating the terms of the lease, the plaintiff alleges in her petition—

"that on said May, 1896, the defendants and each of them went into possession and constantly retained possession thereof during the entire term of said lease and occupying the same likewise. The plaintiff avers that the defendants and each of them are indebted to her under said lease and for said premises for the rental thereof, for the months of May to December inclusive, for each of said months, being a total of $433.35."

This agreement in writing was not acknowledged and witnessed as required to constitute it a valid lease for the term named.

The answer admits the making of the contract, but alleges that it was invalid as a lease for the term named, because not properly acknowledged as the statute requires. The defend-

ant admits that he entered into and retained possession of said premises until the 30th day of April, 1899, and alleges that prior to the expiration of the third year he notified the plaintiff of his intention to vacate the premises at the end of that year, and that he did actually vacate said premises at said time. It is conceded that the rent was fully paid up to May 1st, 1899.

Issue is taken by the reply, upon these averments of the answer.

The case came on for trial before a court and jury; at the close of the testimony for the plaintiff, the court directed a verdict for the defendant on the ground that the lease was invalid to fix the duration of the term and that there had, in fact, been a surrender of the premises on the 30th of April, 1899, up to which date the rent was fully paid.

The first claim made in behalf of the plaintiff in error as a ground for reversal is, that this agreement in writing, although not acknowledged, became as valid as if acknowledged, for the reason that the defendant took possession of the premises thereunder. This claim can not be sustained. It is, as we understand, in direct conflict with the case of *Baltimore & Ohio R. R. Co.* v. *West,* 57 O. S., 161. Again, it is claimed that there was no surrender of the premises by the lessee on or prior to May 1st, 1899, and that by holding over into the fourth year the lessee became bound for the rent for the full term named in the writing. All the evidence produced on the trial of the case, related to this issue.

It appears that prior to April 1st, 1899, the defendant gave notice to the plaintiff that on April 30th he would surrender the premises to the plaintiff, and that the defendant did, in fact, on that day leave the premises; but it appears that prior to that time the defendant had sub-let to one William Lichtig a portion of said premises. Lichtig continued in the occupation of that portion of the premises leased to *him,* until some time in July or August, 1899. It is not disputed that a lessee who sub-lets a portion of the leased premises can not quit by surrendering possession of the part retained, so as to escape payment of rent for the whole. The duty rests upon the *lessee* to see that his tenant, as well as himself, vacates the premises. The defend-

ant claims, however, that his sub-tenant, after May 1st, became the tenant of the plaintiff, to whom, it is claimed, the entire premises were surrendered on the 30th of April.

It appears that in the rental of this building one William Williams acted as agent of the plaintiff.

On the trial, Mr. Lichtig was called as witness by the plaintiff in error and testified, in part, that:

"In the month of November or December, Mr. Kline introduced me to this Williams.   *   *   *   Later on he took me to Mr. Williams' office; Mr. Williams was not in, and we met him as we started to go down-stairs at the elevator.  He said, 'Mr. Williams, this is Mr. Lichtig; he is going to occupy the premises until April 30th; I have rented him a part of it, and he would like to make arrangements with you beyond that time; if he intends to stay he would like to make some arrangement with you regarding the place.'  Mr. Williams, I believe, had asked, 'Is he occupying the whole of it?' and Mr. Kline said, 'No, only a part of it,' and I believe the amount of rent that I was paying was also mentioned, and Mr. Williams says, 'Well, he can keep it providing you pay the difference; or words to that effect; and Mr. Kline and he had some argument, and we left him there.  I went away.  About four or five days before April 30th, I again went to Williams' office; wanted to see if I could not make some arrangement regarding this place, as I would rather have remained, on account of having the place there, and it would have been very inconvenient for me to move, but I didn't see Williams.  Again, a day or two before April 30th, I saw Mr. Williams, and told him I would like to rent the place again, as my term of lease you might say, expired with E. A. Kline; that Mr. Kline told me that after April 30th, he had nothing to do with me, and Mr. Williams had remarked, 'I don't know; I have not got anything to do; I hold Mr. Kline responsible for that rent.'  Upon that I went to work; I found that I could not find a place to move my things by the first of May, and I sent my check a day or two before May 1st—the same day that I met Williams I sent a check, and that check came back."

It would seem then, from the statements of this witness that the plaintiff, by the agent Williams, at all times refused to accept the surrender of the premises of Kline; that she never accepted Lichtig for her tenant.  The duty rested *upon the lessee*, if he would escape the payment of the rent, to surrender the entire

premises covered by the lease or the contract. By leaving his sub-tenant in possession of a portion of the premises, he failed in the performance of that duty. While the holding over under the circumstances disclosed by the record, was not such as to constitute a valid lease for the fourth year or to the expiration of the lease, it was *not* such as to relieve the defendant from the payment of rent while the premises were occupied by *his* sub-tenant.

We hold that under the facts disclosed in this record, the defendant should respond for the rental of the premises at the agreed price for the time the same were occupied by his sub-tenant. We are also of the opinion that the allegations of the petition above quoted were sufficient to allow such recovery in the present action, and that the court erred in directing a verdict for the defendant.

The judgment of the court of common pleas is, therefore, reversed.

---

## AFTER DISMISSAL BY THE PLAINTIFF NEW ACTION BARRED BY THE STATUTE.